OPINION
{¶ 1} Mark D. Vaughn was found guilty after a trial by jury of two charges of trafficking in cocaine, both offenses being fifth degree felonies. The trial court imposed consecutive sentences of eleven months on each count for an aggregate sentence of twenty-two *Page 2 
months.
 {¶ 2} Notice of appeal was filed on Vaughn's behalf and counsel was appointed to prosecute the appeal. On October 18, 2007, appointed appellate counsel filed an Anders brief pursuant to Anders v.California (1967), 386 U.S. 378, wherein counsel indicated that after review of the record he could find no arguably meritorious issues for appellate review. On October 22, 2007, by magistrate's order we informed Vaughn that his counsel had filed an Anders brief and of the significance of an Anders brief. We invited Vaughn to file pro se assignments of error within sixty days of October 22, 2007. To date, Vaughn has provided nothing to this court.
 {¶ 3} Appointed appellate counsel did suggest one possible assignment of error, to-wit: that the trial court erred in admitting a lab report into evidence. Counsel indicates that the lab report may have been inadmissible as being surplusage, as a violation of the best evidence rule, or because it contained hearsay. Counsel concluded, however, that the error in admitting the lab report was at most harmless because the State's expert personally testified that he had examined the substances in question and found them to be cocaine.
 {¶ 4} We agree with this assessment. The facts in this case are straightforward. Within a period of a week, Detective Duff of the Miamisburg Police Department personally observed Vaughn sell drugs to a confidential informant and personally purchased drugs from Vaughn. These drugs were tested and found to be cocaine.
 {¶ 5} Pursuant to Anders, we have conducted an independent examination of the record in this case, and, having done so, we agree with the assessment of appointed appellate counsel that there are no arguably meritorious issues for appellate review, and that this appeal is wholly *Page 3 
frivolous.
 {¶ 6} The judgment will be affirmed.
 FAIN, J. and DONOVAN, J., concur. *Page 1